NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ENRIQUE REYES VILLARREAL-MARTINEZ,<br><br>            Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>            Respondent. | No.   16-71239<br><br>Agency No. A091-231-340<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Enrique Reyes Villarreal-Martinez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying withholding of removal and protection

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Villarreal-
Martinez's request for oral argument is denied.

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

Villarreal-Martinez does not raise, and therefore waives, any challenge to the agency's determination that he is ineligible for CAT relief, or to its fact-based determination that his conviction for burglary of a habitation under Texas Penal Code ("TPC") § 30.02(c)(2) is a particularly serious crime, rendering him ineligible for withholding of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically argued in an opening brief are waived).

Villarreal-Martinez's general contention that only an aggravated felony can be a particularly serious crime is foreclosed by *Delgado v. Holder*, 648 F.3d 1095, 1102 (9th Cir. 2011) (en banc). To the extent he contends that the interpretation of the particularly serious crime bar in *Delgado v. Holder* is overbroad, a three-judge panel cannot overrule circuit precedent in the absence of an intervening decision from a higher court. *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011).

We need not reach Villarreal-Martinez's contention that his conviction under TPC § 30.02(c)(2) is not an aggravated felony. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to reach non-dispositive issues).

Villarreal-Martinez's request to hold the case in abeyance pending the Supreme Court's decision reviewing *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) is denied as moot, where a decision has since issued in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

**PETITION FOR REVIEW DENIED.**